IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WAINWRIGHT, | ) | CASE NO. 1:07 CV 894 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## I.  Introduction

Before me by referral[1] is a motion by defendant FedEx Ground Package System, Inc. (FedEx) seeking dismissal of two of the three counts of plaintiff Christopher Wainwright's (Wainwright) complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Wainwright's suit, which was removed here after initially being filed in state court, alleges that he was improperly discharged from his employment with FedEx after being injured on the job.[3]

---

[1] ECF # 8.

[2] ECF # 5.

[3] ECF # 1.

In its motion, to which Wainwright has not responded,[4] FedEx asserts that two counts of Wainwright's complaint fail to state claims on which relief can be granted. Initially, FedEx argues that Count I of the complaint is barred because Wainwright failed to comply with statutory prerequisites for bringing that claim. Moreover, FedEx contends that Count II does not state a ground for relief since Ohio law does not permit claims grounded in a violation of public policy to be brought for alleged violations of a statute where the statute contains its own remedies for violations.[5] The present motion does not seek dismissal of Count III of Wainwright's complaint, which alleges that Wainwright was impermissibly discharged due to his race.[6]

For the reasons that follow, I recommend granting FedEx's motion and dismissing Counts I and II of the complaint.

## II. Facts

The complaint here claims that Wainwright, an African American, was injured in August, 2006 while working for FedEx, filed a claim for workers' compensation and was

---

[4] By Court order, Wainwright was given until July 17, 2007, to obtain new counsel to replace his original attorney, who withdrew, and until July 31, 2007, to respond to this motion. *See*, ECF # 9. New counsel has not entered an appearance by the required date nor has Wainwright responded to the present motion by the required date.

[5] ECF # 5 at 2, 7.

[6] FedEx has separately filed an answer denying Wainwright's allegations in Count III. *See*, ECF # 4.

terminated by FedEx.[7] Count I asserts that FedEx terminated Wainwright "in retaliation for his claim for workers' compensation" in violation of Ohio Revised Code § 4123.90.[8] Count II claims that this retaliatory termination was "in violation of Ohio common law and public policy, as set forth in various state and federal statutes...."[9] Count III maintains that this termination was "due to [Wainwright's] status as an African American" and, as such, "violative of Ohio law, Ohio Revised Code § 4112 and Ohio public policy."[10]

As to Count I, FedEx argues that "[a]s a prerequisite to filing suit under R.C. § 4123.90, a terminated employee such as Plaintiff must first provide his former employer with written notice of the claimed violation."[11] Specifically, the statute, in pertinent part, provides that:

> ... no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment or punitive action taken.[12]

FedEx argues that since Wainwright has not alleged that such statutory notice was given, his complaint in this Count fails to state a claim on which relief can be granted.[13]

---

[7] ECF # 1.

[8] *Id.* at ¶ 6.

[9] *Id.* at ¶ 10.

[10] *Id.* at ¶¶ 15, 17.

[11] ECF # 5 at 2.

[12] *Id.*, quoting Ohio Rev. Code § 4123.90.

[13] *Id.* at 3.

Concerning Count II of Wainwright's complaint, FedEx maintains that Ohio courts are clear that if "a public policy claim is based upon an alleged violation of a statute, and if the statute provides an adequate remedy for the violation, then the public policy claim fails as a matter of law."[14] Specifically, in Ohio cases alleging retaliatory discharge, FedEx points to the unpublished 2004 decision of the Sixth Circuit in *Jakischa v. Central Parcel Express*,[15] which held that an aggrieved employee's "proper recourse for retaliatory discharge for filing a workers' compensation claim is to bring a cause of action under Ohio Revised Code § 4123.90, not a *Greeley* public policy claim."[16]

FedEx also contends that, even if a separate public policy action were available here, Wainwright would still have to abide by the procedural mandates of Ohio Revised Code § 4123.90 concerning notice to the employer within 90 days and commencing the action within 180 days of discharge.[17]

In addition, FedEx asserts that Wainwright fares no better in attempting to posit his claim in Count II on a violation of public policy if he looks to racial discrimination proscribed by Ohio Revised Code Chapter 4112. In particular, FedEx notes that the Sixth

---

[14] *Id.* at 4, citing *Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 240, 244, 773 N.E.2d 526, 531 (2002) ("Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests.").

[15] *Jakischa v. Central Parcel Express*, 106 F. App'x 436 (6th Cir. 2004).

[16] *Id.* at 440.

[17] ECF # 5 at 6.

-4-

Circuit, in another unpublished opinion, directly concluded that "because [the plaintiff] has a remedy available to him under both Title VII and the O[hio] C[ivil] R[ights] A[ct] [Ohio Revised Code § 4112], we find that he cannot have [the wrongful discharge on public policy grounds] claim under Ohio common law."[18]

Therefore, FedEx contends that both Counts I and II of this complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state claims on which relief can be granted.[19]

As noted, although Wainwright was given an opportunity to both retain new counsel and to respond to this motion to dismiss, he has done neither.

### III. Analysis

**A.   Standard of review**

Under a motion to dismiss pursuant to Rule 12(b)(6), the court will not dismiss a complaint for failure to state a claim upon which relief can be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[20]

---

[18] *Id.* at 7, quoting *Carrasco v. NOAMTC*, 124 F. App'x 297, 303 (6th Cir.2004).

[19] *Id.* at 8.

[20] *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

In considering the complaint, a court "must consider as true the well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff."[21] However, the court "need not accept as true legal conclusions or unwarranted factual inferences" in the complaint.[22] To survive a Rule 12(b)(6) motion to dismiss, the allegations of the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."[23]

Inasmuch as no opposition to this motion has been submitted by Wainwright within the time specified by the Court for a reply, the Court may now proceed to consider the motion without waiting further for a response or conducting a hearing.[24]

**B.      Counts I and II of Wainwright's complaint should be dismissed.**

*1.      Count I*

As previously noted, in order to sustain an unlawful discharge action under Ohio Revised Code § 4123.90, Wainwright must show that he served notice on FedEx within 90 days of his termination that he considered that dismissal to be unlawful. In this complaint, Wainwright has not alleged that he provided such notice to FedEx concerning his August, 2006 discharge.

---

[21] *Varljen v. Cleveland Gear Co.*, 250 F.3d 426, 429 (6th Cir. 2001).

[22] *Id.* (citations omitted).

[23] *Id.* (internal quotation marks and citation omitted).

[24] *See*, Local Rule 7.1(g).

Accordingly, since a plaintiff must show that the allegations of his complaint contain either "direct or inferential allegations respecting all the material elements" of the claim to survive a motion to dismiss,[25] and since Wainwright's complaint lacks even an allegation that he complied with a "material element" of a viable action under Ohio Revised Code § 4123.90, I recommend finding that Wainwright cannot obtain the relief sought under the facts asserted in Count I and that FedEx is entitled to have that claim dismissed.

*2.    Count II*

The question of whether Wainwright has a viable common-law tort of wrongful discharge in violation of public policy entirely separate and distinct from any claim founded on a violation of Ohio Revised Code § 4123.90 initially rests on whether Wainwright was an "at-will" employee of FedEx.

It must first be noted that FedEx has briefed the ultimate issue of whether a public policy claim is still recognized in Ohio when that claim is based on a violation of a statute, such as Ohio Revised Code § 4123.90, that contains its own remedies.[26] That question has been answered in the negative by the Sixth Circuit in an unpublished opinion[27] and largely so by this Court,[28] yet still divides the Ohio courts of appeal.[29] In 2006, the Ohio Supreme

---

[25] *Varljen*, 250 F.3d at 429.

[26] ECF # 5 at 4-6.

[27] *Jakischa*, 106 F. App'x at 440.

[28] *Manders v. Janesville-Sackner Group*, No. 1:04-cv-0478 (N.D. Ohio, July 27, 2004) ECF # 15 (order dismissing a claimed Ohio public policy tort for unlawful retaliatory discharge for filing a workers' compensation claim in violation of Ohio Rev. Code

Court accepted one case in this split in Ohio appellate authority as a discretionary appeal,[30] but has not yet ruled.

However, notwithstanding this situation, it is not necessary for this Court to attempt to resolve this ultimate issue. Specifically, Wainwright has failed to allege in his complaint that he was an employee at-will and pleading one's status as an at-will employee is an essential element of Ohio's public policy tort of wrongful discharge.

Recently, the Sixth Circuit stated one of the prerequisites in Ohio law for maintaining a public policy tort for wrongful discharge as follows: "[U]nder *Greeley* and its progeny, it is the affirmative duty of the plaintiff seeking to recover under a public policy tort theory to *plead and prove* that he was an at-will employee."[31]

Here, Wainwright makes no such allegation in his pleading. Since, as noted, dismissal pursuant to Rule 12(b)(6) is proper when the complaint fails to contain "direct or inferential

---

§ 4123.90; see also, *Barton v. Air Express Int'l USA*, No. 1:06-cv-1885 (N.D. Ohio, March 19, 2007) (ECF # 22) (order dismissing a claimed Ohio public policy tort in case of alleged breach of Title VII, Pregnancy Discrimination Act, FMLA, and Ohio Rev. Code § 4112.02); *but see*, *Hall v. ITT Auto.*, 362 F. Supp. 2d 952, 962 (N.D. Ohio 2005) (denying summary judgment in case of alleged retaliatory discharge for filing a workers' compensation claim because Court not bound by unpublished opinion in *Jakischa* and is persuaded by Ohio appellate opinions that the Ohio Supreme Court would decide differently from *Jakischa*).

[29] *See*, *Klopfenstein v. NK Parts Indus.*, 171 Ohio App. 3d 286, 293, 870 N.E.2d 741, 746 (Ohio App. 3rd Dist., 2007) (collecting cases).

[30] *Bickers v. W.S. Life Ins. Co.*, 110 Ohio St. 3d 1409, 850 N.E.2d 71 (2006) (discretionary appeal accepted).

[31] *Kusens v. Pascal Co.*, 448 F.3d 349, 366 (6th Cir. 2006) (citation omitted, emphasis in original).

allegations respecting all of the material elements to sustain recovery" under the plaintiff's theory,[32] Wainwright's failure to allege in his complaint that he was an at-will employee of FedEx – which is a "material element ... to sustain recovery" on Count II – is, therefore, grounds for dismissing that count for failure to state a claim on which relief can be granted.

## IV.  Conclusion

For the foregoing reasons, I recommend that Counts I and II of Wainwright's complaint against FedEx be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted.

Dated:  October 30, 2007                                s/ William H. Baughman, Jr.
                                                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[33]

---

[32] *Varljen*, 250 F.3d at 429.

[33] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).