IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER WAINWRIGHT,** ) | **CASE NO. 1:07 CV 894** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| ) | **Magistrate Judge William H. Baughman, Jr.** |
| **FEDEX GROUND PACKAGE** ) | |
| **SYSTEM, INC.,** ) | **MEMORANDUM OPINION** |
| ) | |
| **Defendant.** ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman (Document #10) recommending that the Court dismiss Counts I and II of Mr. Wainwright's Complaint against Defendant, FedEx Ground Package, with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted.

In his Complaint, Mr. Wainwright, an African American, claims that he was injured in August 2006 while working for FedEx, filed a claim for workers' compensation, and was then terminated by FedEx. (Document #1.) In Count I of his Complaint, Wainwright asserts that FedEx terminated him "in retaliation for his claim for workers' compensation" in violation of Ohio Revised Code § 4123.90. In Count II of his Complaint, Wainwright asserts that the alleged retaliatory termination was "in violation of Ohio common law and

public policy, as set forth in various state and federal statutes . . . " In Count III, Wainwright claims that his termination was due to his "status as an African American" and, as such, was "violative of Ohio law, Ohio Revised Code § 4112 and Ohio public policy."

On Mach 30, 2007, FedEx filed its Motion to Dismiss Counts I and II of Wainwright's Complaint. Relative to Count I of the Complaint, FedEx argues that because Wainwright did not provide statutory notice of his claim prior to filing suit, as is required under Ohio Rev. Code § 4123.90, he has failed to state a claim upon which relief can be granted. Relative to Count II of the Complaint, FedEx maintains that Wainwright's Ohio public policy claim fails as a matter of law because Ohio statutory law provides an adequate remedy in cases of retaliatory discharge. *See Jakischa v. Central Parcel Express*, 106 F. App'x 436, 440 (6th Circ. 2004), citing Ohio Rev. Code § 4123.90.

Mr. Wainwright did not respond to the Motion to Dismiss filed by FedEx.

On October 30, 2007, the Magistrate Judge filed a Report and Recommendation, recommending Counts I and II of Mr. Wainwright's Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. With regard to Count I, the Magistrate Judge determined that because Wainwright failed to allege that he notified FedEx that he considered his dismissal to be unlawful within the requisite 90 day period as set forth in Ohio Rev. Code § 4123.90, Wainwright failed to set forth a "material element" of his unlawful discharge claim. Accordingly, the Magistrate Judge recommends that Count I of the Complaint be dismissed.

The Magistrate Judge recommends that Count II of the Complaint also be dismissed. While FedEx argued that Wainwright's public policy claim was precluded by the

availability of adequate statutory remedies, the Magistrate Judge instead relied upon Wainwright's failure to allege that he was an at-will employee of FedEx in determining that Count II of the Complaint should be dismissed for failure to state a claim upon which relief can be granted. No objections were filed to the Report and Recommendation. The Report and Recommendation (Document #10) is ADOPTED by this Court.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It

does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

## Conclusion

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, findings and conclusions of Magistrate Judge Baughman as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman (Document #10) in its entirety. Accordingly, the Motion to Dismiss filed by FedEx (Document #5) is GRANTED. Counts I and II of the Complaint are hereby DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

The referral of this case to Magistrate Judge Baughman remains in effect as to Count III of Mr. Wainwright's Complaint.

IT IS SO ORDERED.

<ins>s/Donald C. Nugent</ins>
DONALD C. NUGENT
United States District Judge

DATED: <ins>December 4, 2007</ins>